## 64406. WINKLES v. THOMAS.

SHULMAN, Presiding Judge.

Annie Winkles, wife of appellant, was injured in an automobile collision involving appellee. Mrs. Winkles filed a suit for damages against appellee, and appellant filed a separate action against appellee for loss of consortium. Mrs. Winkles' case against appellee was tried, and the jury rendered a verdict in favor of appellee. Upon appellee's motion, the trial court then awarded summary judgment to appellee in the case at bar, concluding that appellant's suit was derivative of his wife's cause of action in which the issue of appellee's liability had been tried. This appeal followed.

We are bound by the decision of this court in *Stapleton v. Palmore,* 162 Ga. App. 525, 527 (291 SE2d 445): "The defendant in the case sub judice was not entitled to summary judgment against the [husband] in [his] loss of consortium suit merely because a previous jury in a prior trial had determined the defendant was not liable for the [wife's] injury. [Cits.]" The trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 16, 1982 —
REHEARINGS DENIED DECEMBER 8, 1982 —

*John M. Strain,* for appellant.
*Richard B. Eason, Jr., Carolyn J. Kennedy, Noel H. Benedict,* for appellee.

ON MOTION FOR REHEARING.

Shortly after release of our decision in this case, the Supreme Court affirmed this court's decision in *Stapleton v. Palmore,* supra. *Stapleton v. Palmore,* 250 Ga. 259 (297 SE2d 270). We have reviewed this case in light of the Supreme Court's recent decision and conclude that *Stapleton* demands the reversal of the order granting appellee's motion for summary judgment.

*Motion for rehearing denied.*