572 So.2d 850 (1990)
Mrs. Ruby L. McCOY
v.
COLONIAL BAKING COMPANY, INC. and
Jerry McCOY and his Wife, Mrs. Ruby L. McCoy
v.
COLONIAL BAKING COMPANY, INC., a Delaware Corporation, and James S. Adams.
Nos. 07-CA-58766, 89-CA-134.
Supreme Court of Mississippi.
November 28, 1990.
Motion to Clarify Granted and Opinion Corrected December 28, 1990.
*851 Louis Fondren, Pascagoula, for appellant.
Fred Mannino, Page Mannino & Peresich, Ronald S. Cochran, Biloxi, Victoria W. Jenkins, Phelps Dunbar Marks Claverie & Sims, Jackson, Vincent J. Castigliola, Jr., Ernest R. Schroeder, Bryan Nelson Allen Schroeder & Backstrom, Pascagoula, for appellee.
En Banc.
BLASS, Justice, for the Court:

I. INTRODUCTION
This appeal involves two separate cases which have been consolidated.

A. The First Case
On May 22, 1986, Ruby McCoy was injured in an automobile accident involving James Adams and Gregory Osborne  the latter of whom had been making deliveries for his employer, Colonial Baking Company (Colonial). Ruby subsequently filed a negligence action against Colonial for her personal injuries. A jury trial was held at the Jackson County Circuit Court  after which a verdict was rendered in favor of the defendant. Ruby appealed.

B. The Second Case
Subsequent to his wife's trial, Jerry McCoy filed an action against Adams and Colonial for loss of consortium resulting from the injuries Ruby sustained in the accident. Colonial moved for a dismissal on the basis that the jury in Ruby's action ("the first case") found it not guilty of negligence and, thus, Jerry should be collaterally estopped from relitigating the issue of negligence in his action. The trial judge agreed and dismissed the action. Jerry appealed.

C. The Issue
Numerous issues were presented in this consolidated appeal. All are deemed devoid of merit, and only one warrants discussion: Whether the trial judge properly ruled that Jerry was collaterally estopped from relitigating the negligence issue in his loss-of-consortium action?

*852 II. ANALYSIS

A. Collateral Estoppel: A Multi-Purpose Doctrine
The doctrine of "`[c]ollateral estoppel [issue preclusion], like the related doctrine of res judicata [claim preclusion], has the dual purpose of protecting litigants from the burden of relitigating an identical issue ... and of providing judicial economy.'" Roy v. Jasper Co., 666 F.2d 714, 715 (1st Cir.1981) (loss-of-consortium action in which collateral estoppel applied) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979)). The doctrine additionally "protects the integrity of judgments by preventing inconsistent results." Bender v. Peay, 433 N.E.2d 788, 792 (Ind. App. 1982) (Neal, J., dissenting) (citing numerous authorities). Accordingly, "[w]hen the injured party has lost his personal-injury action,[1] most of the more modern authorities apply issue preclusion against [subsequent] claims for spousal consortium."[2] Restatement (Second) of Judgments § 48, Reporter's Note to comment c, at 33 (1982).

B. Judicial Application of Collateral Estoppel to Loss-of-Consortium Actions: An Historical Perspective
Nearly three decades ago, the supreme court of our neighboring state of Arkansas aligned itself with the then-minority view and opined: (1) that the consortium claim is derivative in the sense that it is dependent upon the right of the personally-injured spouse to recover against the defendant; (2) that every element of a personal-injury claim must be proved to support a loss-of-consortium claim and every defense good against the personal-injury claim is good against the loss-of-consortium claim; and (3) that the spouses are in "privity" for purposes of the operation of collateral estoppel. Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417 (1963). The supreme court concluded: "We think logic unquestionably supports [our alignment with] the view taken here [and our rejection of the then-majority view which] would authorize `two bites' and would have the actual effect of rendering the prior judgment, wherein [the defendant] was exonerated of liability, a nullity." Id. 367 S.W.2d at 418.
Arkansas' minority view was exemplary. For example, the Oklahoma Supreme Court held:
Because of the privity between the plaintiff husband in his [consortium] action and the plaintiff wife in her earlier [personal-injury] and considering further the fact that apparently no adversity of interest is shown as between the husband and his wife, and, finally because the determinative issue in the wife's action (alleged negligence of the common defendant and causation) is also the determinative issue in the husband's action, we hold that the husband was and is collaterally estopped from litigating the issue.
Laws v. Fisher, 513 P.2d 876, 878 (Okla. 1973).
The first federal court to publish an opinion on the application of collateral estoppel to loss-of-consortium actions concurred with the Arkansas Supreme Court's rationale:
The interests of the spouses in their respective claims are so closely aligned that they should be deemed "in privity." ... This court, therefore, concludes that the plaintiff in this [loss-of-consortium] action is precluded from relitigating those issues determined in defendants' favor in plaintiff's husband's personal injury action. As a result, plaintiff's claim must fail.
*853 Jones v. Beasley, 476 F. Supp. 116, 119 (M.D.Ga. 1979) (citing and quoting Sisemore, 367 S.W.2d at 417-18).
Two years later, in 1981, the First Circuit Court of Appeals joined the trend:
In a loss of consortium action, issues that also arose in the underlying personal injury action brought by the other spouse are precluded because the loss of consortium action is fundamentally derivative of the first spouse's personal injury action... . Even though the spouses are separate individuals, there is no point in allowing litigation of issues in a loss of consortium action when those same issues have been litigated in the underlying claim.
Jasper, 666 F.2d at 718 (citing the Restatement (Second) of Judgments).
And finally, in aligning itself with what has ultimately become the majority view, the federal district court in Courtney v. Remler wrote:
Collateral estoppel is a broad rule, which unlike res judicata, does not require technical privity between the parties or a requirement that the causes of action in the two suits be the same... . Applying the definition of collateral estoppel to the instant case, it is apparent that consortium ... claim[] should be barred because in the prior judgment, exonerating all defendants, all the issues presented in the instant case were fully and fairly litigated.
612 F. Supp. 967, 973 (D.C.S.C. 1985).
Today, the "distinct weight of authority is that a judgment against the injured person in his action for personal injuries precludes a subsequent [consortium] action for losses that [s]he might have [suffered]." Restatement (Second) of Judgments § 48 Reporter's Note to comment c, at 33 (1982).

C. Mississippi's Position
In the early consortium case, Palmer v. Clarksdale Hosp., this Court noted that "[t]here is practically an unbroken line of authority to the effect that an adjudication unfavorable to the [husband] in an action for personal injuries is no bar to an action by the [wife] for loss of ... consortium arising out of the same injuries." 213 Miss. 611, 620, 57 So.2d 476, 476 (1952).
Nearly four decades later, this Court seemed to be moving away from the antiquated Palmer position. In the consortium case of Choctaw v. Wichner, this Court cited with approval the Arkansas Supreme Court's long-standing position: "[O]ur neighbor Arkansas... reasoned that the husband's right to such damages for loss of consortium was derivative, and that it was only logical that since the husband's cause of action was derivative he could have no better standing in court than his wife had." 521 So.2d 878, 881 (Miss. 1988) (emphasis added).
This Court now follows Choctaw's lead[3] and adopts the American Law Institute's ("ALI") recommended approach:
(1) When a loss resulting from injury to a person may be recovered by either the *854 injured person or another person [e.g., for loss of consortium]:
(a) A judgment for or against the injured party has preclusive effects on any such other person's claim for the loss to the same extent as upon the injured person.
(b) A judgment for or against any such other person precludes recovery by or on behalf of the injured person of any loss that could have been recovered in the first action.
(2) When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.
RESTATEMENT (SECOND) OF JUDGMENTS § 48 (1982). The ALI explains that, by declaring that the "supplemental" (consortium) claim "should stand or fall with the injured person's claim," its approach promotes the purposes of the collateral-estoppel doctrine. See id. comment a, at 32; id. Reporter's Note, at 32-33. Notably, the ALI concedes that its approach is "second-best" and that the matter is "better dealt with by rules of compulsory joinder."[4]See MISS.R.CIV.P. 20 (providing for "permissive joinder of parties").
With all the foregoing in mind, collateral estoppel must be applied cautiously on a ad hoc basis in order to preserve the critical component of due process  i.e., the requirement that every party have an opportunity to fully and fairly litigate an issue. See, e.g., RESTATEMENT (SECOND) OF JUDGMENTS § 29 & comment (1982). More specifically, the facts of each case should be perused in order to determine whether the issue  of which a party seeks to collaterally estop relitigation  was fully and fairly tried in the personal-injury action.

III. CONCLUSION
This Court aligns itself with the "more modern authorities" and adopts the ALI's better-reasoned approach as set out in the Restatement and delineated in this opinion. As a compromise and recognizing that the lawyers and litigants relied upon the outmoded thirty-eight-year-old opinion of this Court in Palmer v. Clarksdale Hosp., the approach adopted through this opinion shall be applied prospectively and, thus, the second case is affirmed as to the verdict and judgment in favor of Adams and is reversed and remanded for a trial on the merits of Jerry's loss of consortium claim against Colonial Baking Company, Inc. As noted in I(C) of this opinion, all other issues were deemed devoid of merit and, therefore, the first case is affirmed.[5]
FIRST CASE AFFIRMED; SECOND CASE IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
PRATHER, ROBERTSON and ANDERSON, JJ., concur.
PITTMAN, J., concurs in result only.
ROBERTSON, PRATHER, ANDERSON, PITTMAN and BLASS, JJ., concur with separate written opinion.
SULLIVAN, J., ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., dissent.

*855 I. APPENDIX: STATE-BY-STATE ANALYSIS "AT A GLANCE"

A. The Laws of the Following States Provide Support for the Majority Position in McCoy v. Colonial Bakery Co., Inc.
1. Alabama
2. Alaska
3. Arizona
4. Arkansas
5. California
6. Colorado
7. Connecticut
8. Delaware
9. Florida
10. Georgia
11. Hawaii
12. Idaho
13. Illinois
14. Indiana
15. Kansas
16. Kentucky
17. Louisiana
18. Maine
19. Maryland
20. Michigan
21. Minnesota
22. Missouri
23. Montana
24. Nebraska
25. Nevada
26. New Hampshire
27. New Jersey
28. New York
29. North Carolina
30. Ohio
31. Oklahoma
32. Oregon
33. Pennsylvania
34. Rhode Island
35. South Dakota
36. South Carolina
37. Tennessee
38. Texas
39. Vermont
40. Washington
41. Wyoming

B. The Laws of the Following States Provide Support for the Minority Position in McCoy v. Colonial Bakery Co., Inc.
42. Iowa
43. Massachusetts
44. Wisconsin

C. The Following States Do Not Permit Loss-of-Consortium Claims
45. New Mexico
46. Utah

D. The Following States Have Not Specifically Addressed the Issue, But Nebulous Dicta Seems Supportive of the Majority Position
47. North Dakota
48. West Virginia

E. The Following State Has Not Addressed the Issue
49. Virginia

F. And Finally
50. Mississippi

*856 II. APPENDIX: AN IN-DEPTH STATE-BY-STATE ANALYSIS
ALABAMA: Fenley v. Rouselle Corp., 531 So.2d 304, 304 n. 1 (Ala. 1988) ("The wife['s] ... claim for loss of consortium ... is derivative only.") (emphasis added).
ALASKA: Schreiner v. Fruit, 519 P.2d 462, 466 (Alaska 1974) ("[To] reduce[] the chances of double recovery [and in] consideration[] of judicial economy ... joinder appears to be a practical and fair solution and in our view mandatory.").
ARIZONA: Villareal v. State Dep't of Transportation, 160 Ariz. 474, 774 P.2d 213, 220 (1989) ("A child's claim for loss of consortium is derivative of the parent's claim for personal injury. Defenses good against the parent are good against the child.").
ARKANSAS: Welter v. Curry, 260 Ark. 287, 539 S.W.2d 264 (1976) ("We have classified the husband's cause of action for loss of consortium ... as derivative and subject to the bar of a judgment adverse to the wife on her cause of action, even though the causes of action may be prosecuted independently."); Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417 (1963) (The court affirmed a judgment dismissing a husband's loss-of-consortium action because it was derivative in nature and, thus, was barred by the adverse judgment in his wife's personal-injury action.).
CALIFORNIA: Jablonski v. Royal Globe Ins. Co., 251 Cal. Rptr. 160, 204 Cal. App.3d 379 (1988) ("Plaintiff Dagmar Jablonski's [`derivative'] loss of consortium cause of action stands or falls with her husband's [personal injury] claims.").
COLORADO: Watson v. Regional Transportation Dist., 762 P.2d 133, 141 n. 10 (Colo. 1988) ("[A] spouse's claim for loss of consortium is derivative [; a]s a consequence, the injured spouse's negligence must be imputed to the spouse who asserts the claim for loss of consortium.").
CONNECTICUT: Champagne v. Raybestos-Manhattan, 212 Conn. 509, 562 A.2d 1100, 1124 (1989) ("Analytically, the derivative [consortium] action is dependent upon the legal existence of the predicate action, i.e., that action which can be brought on behalf of the injured spouse."); see Vessichio v. Hollenbeck, 18 Conn. App. 515, 558 A.2d 686, 687 n. 1 (1989); see also Hopson v. St. Mary's Hosp., 176 Conn. 485, 408 A.2d 260, 264 (1979) ("[B]ecause a consortium action is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment.").
DELAWARE: Jones v. Elliott, 551 A.2d 62, 63-65 (Del. 1988) ("[J]oinder of the consortium claim is procedurally required.... To establish her derivative [consortium] claim ... wife must, of course, prove the underlying liability of the tortfeasor for the husband's physical injury.").
FLORIDA: Davis v. Asbell, 328 So.2d 204 (Fla. 1st Dist.Ct.App. 1972), cert. denied, 336 So.2d 1181 (Fla. 1976) (Relitigation of affirmative-defense issue, which had been adjudged in preceding personal-injury action, was properly estopped in loss-of-consortium action); Sanchez v. Martin, 416 So.2d 15 (Fla. 3d Dist.Ct.App. 1982) (The court applied the res-judicata doctrine to bar husband's subsequent loss-of-consortium action  even though the husband was not a party to his wife's unsuccessful personal-injury action.); Gates v. Foley, 247 So.2d 40, 45 (Fla. 1971) ("The defendant has the right to request joinder of the wife['s consortium claim with] her husband['s personal injury claim]. Where the husband's cause of action has been terminated by adverse judgment ... this should bar the wife's cause of action for consortium."); Stickney v. E.R. Squibb & Sons, Inc., 377 F. Supp. 785 (M.D.Fla. 1974) (The court held that the wife's derivative loss-of-consortium claim was barred by prior adjudication against her husband in his personal-injury action.).
GEORGIA: Gurly v. Hinson, 194 Ga. App. 673, 391 S.E.2d 483 (1990) ("This court does recognize the rule that a consortium action is derivative and ... a jury cannot render inconsistent verdicts"  vis-a'-vis the loss of consortium and the personal injury claims.); Hall v. Gardens Servs., Inc., 174 Ga. App. *857 856, 332 S.E.2d 3 (1985) (In this case, the court held that the husband's right to recover for loss of consortium due to wife's fall from horse was barred because his wife signed a release exculpating the horse's owner from liability.); Douberly v. Okefenokee Rural Electric Membership Corp., 146 Ga. App. 568, 246 S.E.2d 708 (1978) (The court held that the wife's derivative loss-of-consortium action was barred as a result of a judgment against her husband in his personal-injury action.); Chandler v. Gately, 119 Ga. App. 513, 167 S.E.2d 697 (1968) (Summary judgment against the wife in her personal-injury action meant that her husband's derivative right to recover for loss of consortium was abrogated.); Jones v. Beasley, 476 F. Supp. 116 (M.D.Ga. 1979) (The court held that privity existed between the husband and wife and, thus, the judgment adverse to the husband in his personal-injury action barred his wife's subsequent loss-of-consortium action.).
HAWAII: Hara v. Island Ins. Co. Ltd., 70 Haw. 42, 759 P.2d 1374, 1375-76 (1988) ("[Consortium] claims are derivative and therefore, for purposes of tort liability, stand or fall with the claim of the person actually injured.").
IDAHO: Buckley v. Orem, 112 Idaho 117, 730 P.2d 1037 (App. 1986) ("Loss of consortium is a wholly derivative action arising from injury to the claimant's spouse."); Runcorn v. Shearer Lumber Products, Inc., 107 Idaho 389, 690 P.2d 324, 329 (1984) ("It would be inconsistent `to hold that an injured party's negligence would bar or limit his recovery for direct injury, but would not affect his spouse's recovery for indirect injury.' [Thus, t]he derivative nature of a claim for loss of consortium, an interest in consistency, and persuasive authority from other jurisdictions cause us to hold [that a defense available to the defendant in the personal injury action is available in the consortium action].").
ILLINOIS: Erickson v. Muskin Corp., 180 Ill. App.3d 117, 128 Ill.Dec. 964, 972, 535 N.E.2d 475, 483 (1st Dist.Ct.App. 1989) ("[T]he supreme court considers consortium claims derivative of the spouse's personal injury action."); Alcorn v. Stepzinski, 185 Ill. App.3d 1, 132 Ill.Dec. 901, 905, 540 N.E.2d 823, 827 (3d Dist.Ct.App. 1989) ("Plaintiff Marlee's cause of action in tort was correctly disposed of by way of summary judgment in favor of [the] defendant. Therefore, the husband's derivative cause for loss of consortium was correctly disposed of by a summary judgment in favor of [the] defendant."); Brown v. Metzger, 104 Ill.2d 30, 83 Ill.Dec. 344, 470 N.E.2d 302, 304-05 (1984) ("In adopting a joinder requirement, we join a growing number of jurisdictions."); Barbour v. Great Atlantic & Pacific Tea Co., 143 F. Supp. 506 (E.D.Ill. 1956) (In a loss-of-consortium action, the court applied the collateral-estoppel doctrine to bar relitigation of the negligence issue because it had already been adjudged in the preceding personal-injury action.).
INDIANA: Kolkman v. Falstaff Brewing Corp., 511 N.E.2d 478, 480 (Ind. 1st Dist. Ct.App. 1987) ("The Kolkmans also contend this court should overrule a long line of Indiana cases which characterize a wife's loss of consortium action as a derivative claim of the husband's law suit. They point to other jurisdictions which have viewed loss of consortium claims as independent claims... . In Indiana, however, a wife's loss of consortium claim is derived from the husband's claim. Absent an actionable injury to one spouse, the other spouse cannot recover for loss of consortium. `A cause of action for loss of consortium derives its rights from the validity of the claim of the injured spouse against the wrongdoer.' ... We find no compelling reason to overrule longstanding Indiana precedent.") (citing Rosander v. Copco Steel & Eng'g Co., 429 N.E.2d 990, 991 (Ind. App. 1982)); see also Board of Comm'rs of Cass Co. v. Nevitt, 448 N.E.2d 333, 341 (Ind. 4th Dist.Ct.App. 1983) ("[W]here the contested injuries were not caused by any tortious misconduct of the defendant, or where the injured spouse's cause of action has been abrogated [or barred], the injured spouse has no valid claim, and a claim for loss of consortium is also barred.") (citing numerous authorities); Bender v. Peay, 433 N.E.2d 788 (Ind. App. 1982) (The court held that a judgment *858 for the defendant in the wife's personal-injury action meant that her husband's recovery for loss of consortium was barred.).
IOWA: Schwennen v. Abell, 430 N.W.2d 98 (Iowa 1988) (This case supports the dissenting opinion in Byrd v. Matthews by noting that a loss-of-consortium action is "independent"  not "derivative." Notably, the court would not allow "apportionment of aggregate fault under comparative fault statute.").
KANSAS: McGuire v. Sifers, 235 Kan. 368, 681 P.2d 1025 (1984) ("The right to recover for loss of consortium vests in the spouse who files an action for personal injuries, not in the spouse who actually suffers the loss of consortium" and "the negligence of the [injured spouse] shall be imputed to [the other spouse who suffered a loss of consortium].").
KENTUCKY: Transit Auth. of River City v. Vinson, 703 S.W.2d 482 (Ky.App. 1985) ("Relying on Kotsiris v. Ling, Ky., 451 S.W.2d 411 (1970), appellants reason that loss of consortium is a non-derivative claim, totally independent of the underlying tort action. We disagree with appellants' interpretation of Kotsiris. ... Nothing in Kotsiris suggests that a party ... should be permitted to resurrect [an] issue [litigated] in a related loss of consortium action."); Beauchamp v. Davis, 309 Ky. 397, 217 S.W.2d 822 (1948) (The court held that, under the doctrine of "res judicata," the husband was entitled to a directed verdict in his loss-of-consortium action because the jury in his wife's personal-injury action had rendered a verdict against the defendant.).
LOUISIANA: Johnston v. Fidelity Nat'l Bank of Baton Rouge, 152 So.2d 327 (La. App. 1963) ("Whether the right of a spouse be regarded as independent, i.e., arising directly from the tort, or as derivative, that right does not come into existence except for the occurrence of the injury. Absent a compensable injury to the one spouse there would be no claim to asset against employer. In that sense certainly the `rights' are not independent of but derive from or are on account of a compensable injury to the employee."); Shepard v. State Farm Mut. Automobile Ins. Co., 545 So.2d 624 (La. 4th Dist.Ct.App. 1989) ("[A]ny loss of consortium claim is only derivative.").
MAINE: Box v. Walker, 453 A.2d 1181 (Me. 1983) ("[I]t is not necessary to decide whether [a loss of consortium] claim is derivative or independent. If [it] is derivative ..., it is subject to the ... defenses against [the] primary [personal injury] claim."); Gillchrest v. Brown, 532 A.2d 692 (Me. 1987) ("[The wife's] loss of consortium arises out of, and is derivative from, the bodily injury sustained by her husband." Therefore, pursuant to Box v. Walker, she is subject to the defenses asserted against her husband.).
MARYLAND: Daley v. United Servs. Automobile Ass'n, 312 Md. 550, 541 A.2d 632, 635 n. 3 (1988) ("[L]oss of consortium is a claim ... which can be asserted only in a joint action."); Georges v. Duncan, 16 Md. App. 256, 295 A.2d 809 (1972) (A loss-of-consortium action is "derivative."). In view of these two case decisions, consortium actions under Maryland law may not be deemed independent and, logically, the consortium claim fails with the personal-injury claim.
MASSACHUSETTS: Morgan v. Lalumiere, 22 Mass. App. 262, 493 N.E.2d 206 (1986) (Loss-of-consortium claims are "separate and independent" and are generally not effected by the outcome of the personal-injury action.).
MICHIGAN: Gibbs v. Armovit, 182 Mich. App. 425, 452 N.W.2d 839, 841 (1990) ("[T]he various [consortium] claims of family members are merely derivative of the injured party's right of recovery, and thus may not be maintained as separate claims."); Beardslee v. Michigan Claim Servs., Inc., 103 Mich. App. 480, 302 N.W.2d 896 (1981) (husband's release of tortfeasor constituted a bar to wife's loss-of-consortium claim); Morse v. Deschaine, 13 Mich. App. 101, 163 N.W.2d 693 (1968) (The court held that, in view of the verdict against the wife in her personal-injury action, the husband could not recover for loss of consortium in his derivative action.).
MINNESOTA: Kohler v. Fletcher, 442 N.W.2d 169, 173 (Minn.App. 1989) ("As a *859 husband's claim for loss of consortium is derivative only, if his wife's ... tort claim fails, his claim for loss of consortium also fails."); Thill v. Modern Erecting Co., 284 Minn. 508, 170 N.W.2d 865 (1969) (Because loss of consortium is derivative, the wife may recover for loss of consortium only if husband recovers in his personal-injury action; both actions also must be joined.).
MISSOURI: Teschner v. Physicians Radiology, 761 S.W.2d 665, 667 (Mo. App. 1988) ("Missouri has consistently followed the well-established rule that plaintiff's right to recover for loss of consortium is derivative only, so that if the spouse has no valid claim for personal injury, plaintiff cannot recover special damages flowing therefrom... . Both the personal injury and loss of consortium claims require[] a common determination."); see also Abbate v. Tortolano, 782 S.W.2d 810, 811 n. 1 (Mo. App. 1990).
MONTANA: Hunsaker v. Bozeman Deaconess Foundation, 179 Mont. 305, 588 P.2d 493 (1978) ("Her cause of action is one for loss of consortium, and is derivative in nature. The success of her claim depended on the success of her husband's claim for personal injuries."); Jess v. Great N.R. Co., 401 F.2d 535 (9th Cir.1968) (The court held that a judgment denying the husband recovery in his personal-injury suit against his employer meant that his wife's loss-of-consortium action was barred.).
NEBRASKA: Johnston v. State, 219 Neb. 457, 364 N.W.2d 1 (1985) ("`Generally [one spouse's] cause of action for loss of consortium ... does not exist ... unless the defendant would have been liable for [the other spouse's personal injury].'") (quoting 41 Am.Jur.2d Husband and Wife § 451, at 379 (1968)).
NEVADA: Leslie v. Tiberti Constr. Co., 99 Nev. 494, 664 P.2d 963 (1983) (Loss of consortium is a "derivative" claim.); Gunlock v. New Frontier Hotel Corp., 78 Nev. 182, 370 P.2d 682, 684 n. 1 (1962) ("Mr. Gunlock's claim for ... loss of consortium ... was dependent upon the success of his wife's [personal injury] claim. Her claim not having been established, his must fail as well.").
NEW HAMPSHIRE: Roy v. Jasper Corp., 666 F.2d 714 (1st Cir.1981) ("In a loss of consortium action, issues that arose in the underlying personal injury action brought by the other spouse are precluded because the loss of consortium action is fundamentally derivative of the first spouse's personal injury action... . Collateral estoppel, issue preclusion, was therefore proper.") (construing New Hampshire law).
NEW JERSEY: Walko v. Kean College of N.J., 235 N.J. Super. 139, 561 A.2d 680, 688 (L.D. 1989) ("A claim for loss of consortium ... is entirely derivative."); Marsella v. Monmouth Medical Center, 224 N.J. Super. 336, 540 A.2d 865, 868 (A.D. 1988) ("[Consortium] claims [are] incidental to, dependent on, and derivative of the claim of the injured person.") (citing Patusco v. Prince Macaroni, Inc., 50 N.J. 365, 235 A.2d 465, 466 (1967) ("`[T]he husband's consortium claim ... will fail if the wife was contributorily negligent.'")).
NEW MEXICO: New Mexico does not permit recovery for loss of consortium. See Tondre v. Thurmond-Hollis-Thurmond, Inc., 103 N.M. 292, 706 P.2d 156 (1985) ("[W]e have never been called upon to consider the right ... to recover for negligent injury to or loss of consortium [sic] ... and [now] hold[] that New Mexico would not recognize [the right].").
NEW YORK: Daniels v. Zelco, Inc., 159 A.D.2d 538, 552 N.Y.S.2d 403, 406 (1990) ("Where the husband's cause of action has been terminated either by judgment, settlement, or otherwise, that should operate to bar the wife's cause of action for loss of consortium.") (quoting Millington v. Southeastern Elevator Co., Inc., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 311, 239 N.E.2d 897, 903 (1968)); McNally v. Addis, 65 Misc.2d 204, 317 N.Y.S.2d 157 (1970) (Assumption-of-risk doctrine barred loss-of-consortium action); Fischbach v. Auto Boys, Inc., 106 N.Y.S.2d 416 (N.Y.Sup.), rev'd on other grounds, 279 A.D. 1035, 112 N.Y.S.2d 283 (N.Y.App. 1951) (The court held that a judgment dismissing a husband's personal-injury action as "res judicata" in his wife's loss-of-consortium action because the wife's injuries were derivative from and dependent upon the existence of *860 a valid cause of action in favor of her husband against the defendants.).
NORTH CAROLINA: Nicholson v. Hugh Chatham Memorial Hosp., Inc., 300 N.C. 295, 266 S.E.2d 818 (1980) (requiring joinder); Southerland v. Kapp, 59 N.C. App. 94, 295 S.E.2d 602 (1982) ("Plaintiff['s] ... consortium action is derivative [and] ... `[a] claim for consortium is non-existent in the absence of a valid claim by the injured spouse.'") (quoting Logullo v. Joannides, 301 F. Supp. 722, 726 (D.Del. 1969), and citing 41 AM.JUR.2d Husband and Wife § 452 (1968)).
NORTH DAKOTA: The issue has never been addressed in North Dakota  with the exception of a blurb in Anderson v. Otis Elevator Co., 453 N.W.2d 798 (N.D. 1990) (Consortium claims are "derivative.").
OHIO: Lynn v. Allied Corp., 41 Ohio App.3d 392, 536 N.E.2d 25, 36 (1987) ("[S]ince appellant Janice Lynn's causes of action [for personal injury] failed ..., appellant Luther Lynn's cause of action for loss of consortium must also fail."); Messmore v. Monarch Machine Tool Co., 11 Ohio App.3d 67, 463 N.E.2d 108, 110 (1983) ("[A] cause of action based upon loss of consortium is a derivative action. That means that the derivative action is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues.").
OKLAHOMA: Ingram v. State, 786 P.2d 77, 80-81 (Okla. 1990) ("[A] spouse's derivative [loss-of-consortium] claim must be included in the [injured spouse's] quest for relief."); Laws v. Fisher, 513 P.2d 876 (Okla. 1973) (The court held that, where the judgment in the wife's personal-injury action was favorable to the defendant, the husband could recover for loss of consortium and other consequential damages.); McKee v. Neilson, 444 P.2d 194 (Okla. 1968) (The court held that, in the loss-of-consortium action, the husband was subject to all defenses which existed in his wife's prior personal-injury action.).
OREGON: Ross v. Cuthbert, 239 Or. 429, 397 P.2d 529 (1964) ("`[S]ince the husband's action for loss of consortium is derived from the wife's action, a valid defense to her action will also bar his.' [Conversely, h]er right of action [for loss of consortium] is ... subject to any defenses available in a husband's action for redress of the same harm.") (quoting HARPER AND JAMES, THE LAW OF TORTS 640 (date unknown), and citing numerous authorities). Although this case is old, the principle has never been overruled or modified. See, e.g., Snodgrass v. General Tel. Co., 275 Or. 79, 549 P.2d 1120 (1976) (applying collateral-estoppel doctrine to preclude, in consortium action, relitigation of issues adjudged in personal-injury action).
PENNSYLVANIA: Pugh v. Super Fresh Food Markets, Inc., 640 F. Supp. 1306 (E.D. Pa. 1986) (Execution of release by injured wife barred husband's derivative claim for loss of consortium.); Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc., 383 Pa.Super. 440, 557 A.2d 21, 22 (1989) ("Any action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claim."); Manzitti v. Amsler, 379 Pa.Super. 454, 550 A.2d 537, 540 n. 2 (1988) ("It is undisputable that Pennsylvania law, in order to promote judicial economy and avoid inconsistent verdicts, requires that the personal injury claim and loss of consortium claim must be brought in a single action.").
RHODE ISLAND: Sama v. Cardi Corp., 569 A.2d 432, 433 (R.I. 1990) ("[A]n action for loss of consortium ... is not an independent action but a derivative one that is attached to the claim of the injured spouse. It arises from the injured spouse's physical injury and is dependent upon the success of the underlying tort claim.").
SOUTH CAROLINA: Courtney v. Remler, 612 F. Supp. 967 (D.C.S.C. 1985) (In this case, a couple was assaulted in a hotel. The husband sued for damages for personal injuries and loss of consortium after his wife sued and lost her personal-injury and loss-of-consortium action. The court held that, under the doctrine of collateral estoppel, the husband could not relitigate issues of fact which had been previously adjudged in his wife's action  despite a lack of privity between the husband and wife.) (citing *861 both South Carolina and U.S. Supreme Court case law).
SOUTH DAKOTA: Barger v. Cox, 372 N.W.2d 161 (S.D. 1985) ("In Titze v. Miller, 337 N.W.2d 176 (S.D. 1983), we classified a husband's cause of action for loss of consortium as derivative in nature, even though the right of consortium is a personal right and separate and distinct cause of action. If the injured spouse is unable to recover for his own personal injury, the cause of action of the other [spouse] for loss of consortium also fails."); Bitsos v. Red Owl Stores, Inc., 350 F. Supp. 850 (D.C.S.D. 1972) ("Res judicata" was applied in to bar relitigation of liability in wife's loss-of-consortium case because wife's action was derivative of husband's personal injuries and privity existed between the spouses.) (applying South Dakota law).
TENNESSEE: Brown v. University Nursing Home, Inc., 496 S.W.2d 503 (Tenn. App. 1972) (The court held that, because a jury found that the wife could not recover for her personal injuries sustained while residing at a nursing home, the husband could not recover for any damages arising from his wife's injuries.); Dudley v. Phillips, 218 Tenn. 648, 405 S.W.2d 468 (1966) ("We hold a [parent's loss-of-consortium] cause of action ... resulting from a tort committed against the child is derivative in nature and such action is subject to the same defenses that are available in the [personal-injury] action." This is fair since a contrary holding would "permit[] a family to team up against a third party and allow [the family members] to [possibly] recover in [their] name[s] even though [the injured family member] could not recover.").
TEXAS: National County Mut. Fire Ins. Co. v. Howard, 749 S.W.2d 618, 622 (Tex. App. 1988) ("A suit for loss of consortium ... is derivative, and a defense that tends to constrict or exclude the tortfeasor's liability to the injured spouse will have the same effect on the other spouse's consortium action.") (citing Reed Tool Co. v. Copelin, 610 S.W.2d 736, 738-39 (Tex. 1980)); see also Tumlinson v. St. Paul Ins. Co., 786 S.W.2d 406, 408 (Tex. App. 1990).
UTAH: Utah does not permit recovery for loss of consortium. See Hackford v. Utah Power & Light Co., 740 P.2d 1281 (Utah 1987) ("We adhere to our prior decisions and hold that neither spouse has a right to recover for the loss of consortium under Utah law."); King v. Barron, 770 P.2d 975 (Utah 1988) (same).
VERMONT: Brennen v. Mogul Corp., 151 Vt. 91, 557 A.2d 870, 872 (1988) ("Plaintiff-wife's claim for loss of consortium is a derivative action and depends on the success of her husband's tort claim.").
VIRGINIA: WESTLAW revealed no published opinion on the subject.
WASHINGTON: Long v. Dugan, 57 Wash. App. 309, 788 P.2d 1, 2 (1990) ("[C]onsortium is not an independent cause of action. The spouse may not pursue the claim independently but must recover any damages through the derivative cause of action."); Moody v. United States, 112 Wash.2d 690, 773 P.2d 67, 68 n. 2 (1989) ("[L]oss of consortium is a derivative claim.").
WEST VIRGINIA: The issue has not been specifically addressed  with the exception of a blurb in Vest v. St. Albans Psychiatric Hosp., Inc., 387 S.E.2d 282 (W.V. 1989) ("[L]oss of consortium" is a "derivative claim").
WYOMING: Boehm v. Cody County Chamber of Commerce, 748 P.2d 704, 708 (Wyo. 1987) ("[B]ecause appellant Penny Boehm's negligent claims against appellee are for loss of consortium, they are derivative of David Boehm's ability to sue and fail with her husband's claims.").
SULLIVAN, Justice, dissenting:
I respectfully dissent.
The majority has misapplied the doctrine of collateral estoppel at the extravagant expense of litigants who will in the future pursue a loss of consortium claim. The effect of the majority's decision will be to deny these future litigants their guaranteed due process rights.
The United States Supreme Court discussed the doctrine of collateral estoppel in Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Specifically, the Court discussed the use of *862 offensive and defensive collateral estoppel. Referring to Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the Parklane Court said:
The Blonder-Tongue case involved defensive use of collateral estoppel  a plaintiff was estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant. The present case, by contrast, involves offensive use of collateral estoppel  a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff. In both the offensive and defensive use situations, the party against whom estoppel is asserted has litigated and lost in an earlier action. (Emphasis added).
439 U.S. at 329, 99 S.Ct. at 650, 58 L.Ed.2d at 561 (1979).
Blonder-Tongue supports the position of Mr. McCoy in that it specifically recognizes that it is a violation of due process to collaterally estop a litigant who has never appeared in a prior action. "Some litigants  those who never appeared in a prior action  may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position." Blonder-Tongue, 402 U.S. at 329, 91 S.Ct. at 1443, 28 L.Ed.2d at 800 (1971).
Since the Parklane decision, the United States Supreme Court has again considered application of the doctrine. In Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Court recognized that it had allowed the use of collateral estoppel in certain situations. But, the Court added, "one general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a `full and fair opportunity' to litigate that issue in the earlier case." (Citations omitted). Id. at 95, 101 S.Ct. at 415, 66 L.Ed.2d at 313.
Mississippi has also considered the use of collateral estoppel against a non-party. In Weaver v. City of Pascagoula, 527 So.2d 651 (Miss. 1988), we reversed and remanded, holding that the owners of a business, Weaver's Motors, were not collaterally estopped from bringing a negligence action against the city of Pascagoula by a judgment in the city's favor in a prior negligence action brought by another business, Monte's Mart, which was destroyed in the same fire.
Analogizing this situation with that found in actions for loss of consortium, Chief Justice Roy Noble Lee, speaking for a unanimous court, stated:
We agree that the theory of collateral estoppel is misplaced and is not applicable here. Collateral estoppel binds only those who have already "had their day in court" regarding the particular issue. Any other application of collateral estoppel would result in a denial of due process for those neither party nor privy to the prior action. (Citations omitted) (Emphasis added).
Id. at 652.
Collateral estoppel operates as a rule of evidence in civil cases. "Where an issue of fact is actually litigated and resolved in one trial and where that fact was essential to the judgment in the first trial, that fact is taken as established in subsequent trials involving the same parties." Sanders v. State, 429 So.2d 245, 251 (Miss. 1983) (Emphasis added).
A non-party should not be denied process rights of notice and an opportunity to appear and be heard.
First, the interest of the nonparty in having his day in court is important and requires extremely strong countervailing interests to justify its being overriden. [sic] Second, an appeal in general terms to such interests as cost and time savings to the proponent, and especially to concerns for judicial economy and avoidance of inconsistent results, should not suffice to overcome the interest of the opponent of estoppel, since such general appeals can be made in virtually any case.
*863 Note, Collateral Estoppel of Nonparties, 87 Harv.L.Rev. 1485, 1501 (1974).
Mississippi has long recognized that the loss of consortium claim is separate and distinct from that of the injured spouse's claim. In Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952), this Court said that the injury of a married woman by a third party "gives rise to two causes of action, one in favor of the wife for her personal injuries, and one in favor of the husband for expenses and loss of consortium" and "lack of privity between the husband and wife prevents the judgment in one action from being a bar to the other." Id. at 618, 57 So.2d at 479.
Miss. Code Ann. § 93-3-1 (1972) extended the loss of consortium claim to a married woman for negligent injury to her husband. Tribble v. Gregory, 288 So.2d 13 (Miss. 1974) was the first case decided after § 93-3-1 was amended. We said that "[i]t should be kept in mind always that the wife's recovery is for losses suffered by her." Id. at 17 (quoting Kotsiris v. Ling, 451 S.W.2d 411, 412 (Ky. 1970)) (Emphasis added).
The majority cites the case of Choctaw, Inc. v. Wichner, 521 So.2d 878 (Miss. 1988), as one which "seemed to be moving away from the antiquated Palmer position" and toward the position taken by the Arkansas courts that a loss of consortium claim is derivative. Majority Opinion at 853. Choctaw dealt with the question of whether a spouse's contributory negligence would reduce the loss of consortium award.
However, in Choctaw, we agreed with the reasoning of the Arkansas court only to the extent "that the contributory negligence statute applies because the consortium action lies `on account of' injuries to the other spouse." Id. at 882. In fact, in reaching that conclusion, we quoted with approval from the Palmer decision as follows:
Of course, the burden is on the plaintiff husband to prove that the alleged tort feasor is guilty of negligence which directly contributed to his loss and damage, and the contributory negligence of the wife would be a defense, but the issues are to be determined wholly independently of any adjudication in the suit brought by the wife; in fact, the husband may bring his action whether or not the wife sues. 57 So.2d at 479-80.
Choctaw at 880-881.
The distinction some courts make, and indeed the majority opinion makes, is that the loss of consortium claim is derivative to, rather than independent of, the personal injury claim. In Feltch v. General Rental Co., 383 Mass. 603, 421 N.E.2d 67 (1981), the Supreme Court of Massachusetts examined the difference.
The courts that have characterized the consortium claim as derivative have viewed the husband and wife as a single unit or have viewed the cause of action for loss of consortium as arising from the physical injury to one spouse... . Those courts which view the action as independent have analyzed the differences in the damages sustained by each spouse and have concluded that these differences create distinct causes of action, despite the fact that the consortium action and the negligence action arise out of injuries to one spouse. (Citations omitted).
Id. at 606, 421 N.E.2d at 70.
The Massachusetts court felt that the better reasoning supported the independent nature of the claim. By examining the nature of the claims rather than the source of the injuries, clearly the loss of consortium claim is one "for a loss which `never did belong to the injured party,' ... just as the suit for physical injuries never belonged to the noninjured spouse." Id. at 608, 421 N.E.2d at 71.
The majority's state-by-state analysis included in an appendix at the end of the opinion would have us believe that forty-one states agree with the majority's position. However, at least seven of the states listed as supporting the majority position have indicated contrary positions. They are:
1) California  "Loss of her husband's consortium impairs a wife's interests which are wholly separate and distinct from that of her husband... . `She can no longer enjoy her legally sanctioned and morally *864 proper privilege of copulation or procreation... . These are her rights, not his.'" Lantis v. Condon, 95 Cal. App.3d 152, 157, 157 Cal. Rptr. 22, 24 (1979).
2) Colorado  "[A] claim for loss of consortium, while derivative for purposes of attributing the injured spouse's negligence to the other spouse's consortium claim, is nonetheless a separate injury ... and thus gives rise to a separate right of recovery." Lee v. Colorado Dept. of Health, 718 P.2d 221, 230 (Colo. 1986).
3) Georgia  "The defendant in this case was not entitled to summary judgment against the [husband] in [his] loss of consortium suit merely because a previous jury in a prior trial had determined the defendant was not liable for the [wife's] injury." Winkles v. Thomas, 164 Ga. App. 715, 715, 298 S.E.2d 260, 261 (1982) (quoting Stapleton v. Palmore, 162 Ga. App. 525, 527, 291 S.E.2d 445)).
4) New Hampshire  "A wife's cause of action for loss of consortium is created by statute as a separate and distinct claim and is not derivative from the claim of the husband... . [S]he was not a party to his action. Therefore, neither res judicata nor collateral estoppel against her result from that judgment." Reid v. Spadone Machine Company, 119 N.H. 198, 199, 400 A.2d 54, 54-55 (1979).
5) Oregon  "Plaintiff's cause of action for loss of consortium was separate and independent of the husband's action for personal injuries, ... and her presence was not necessary for a "complete determination" of the controversy between her husband and defendant." Snodgrass v. General Tel. Co. of Northwest, Inc., 275 Or. 79, 82, 549 P.2d 1120, 1122 (1976).
6) South Carolina  "It is well settled in South Carolina that one spouse's cause of action for medical expenses and loss of consortium resulting from negligent injuries to the other spouse is a different and distinct cause of action from one maintained by the injured spouse; judgment in favor of the defendant in one action is not a bar to the other action." Graham v. Whitaker, 282 S.C. 393, 397, 321 S.E.2d 40, 43 (1984).
7) Washington  The "better rule is that a `deprived' spouse may sue for loss of consortium damages by either joining in a lawsuit with the spouse who sustained primary injuries or by bringing an independent suit." Lund v. Caple, 100 Wash.2d 739, 744, 675 P.2d 226, 230 (1984).
The majority's proposal is contrary to our jurisprudence which recognizes that a deprived spouse is not collaterally estopped in his or her loss of consortium claim by the prior judgment rendered against the injured spouse in his or her personal injury action. Although considering the two claims to be independent rather than derivative in nature may be a minority view at present, "[c]ertainly not all minority views are the less fair views; nor are they all destined to always be minority views." Fuller v. Buhrow, 292 N.W.2d 672, 676 (Iowa 1980). The usurious toll which the majority has imposed upon subsequent litigants who are in Mr. McCoy's position in the interest of judicial economy is a blatant deprivation of due process reminiscent of Shylock and his pound of flesh.
Respectfully, I must dissent.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., join this dissent.
ROBERTSON, Justice, concurring:
I concur that the judgment of the Circuit Court of Jackson County, Mississippi, should be reversed and that the case should be remanded for a new trial and in what the Court says en route. I write separately to emphasize my understanding of two implications of the rule we adopt.
First, collateral estoppel is a two-way street, when applied to cases such as that at bar, where in the original action the trier of fact has found the defendant negligent in the premises and that the defendant's negligence proximately caused that plaintiff's injuries. Where that has occurred, the second plaintiff enters the second trial armed with the right to preclude the defendant from relitigating the questions of his negligence and causation.
Second, as a practical matter, the rule we adopt effects compulsory joinder. *865 See Rule 19, Miss.R.Civ.P. The second plaintiff will invariably be so situated that he or she is a party who ought to be joined. Cases in which both plaintiffs have not joined in the same action will be subject to a motion to dismiss under Rule 12(b)(7), Miss.R.Civ.P. Having said this, however, the trial court will not be stripped of the prerogative in unusual cases (which, for the moment, I cannot imagine) of ordering a severence of trials. See Rule 42(b), Miss. R.Civ.P.
PRATHER, ANDERSON, PITTMAN and BLASS, JJ., join this opinion.
NOTES
[1] A loss of consortium is a personal injury. However, for the sake of convenience, "personal-injury" actions will mean those from which the loss-of-consortium action is derived.
[2] Conversely, if the loss-of-consortium action is filed first, then collateral estoppel may apply in a subsequent personal-injury action.
[3] The minority in this case seems to ignore the direction toward which this Court was heading in Choctaw. They rely heavily on Weaver v. City of Pascagoula, 527 So.2d 651 (Miss. 1988)  a case which had absolutely nothing to do with loss of consortium. Application of collateral estoppel to non-consortium actions  as opposed to consortium actions  is unequivocally distinguishable. As aptly noted by one state court:

Since a loss of consortium claim derives its viability from the injured spouse's claim for injuries, we fail totally to understand how a defendant could be held liable to one spouse on a loss of consortium claim when it has already been determined he or she did not cause the other spouse's injuries. To hold otherwise by ... indulging in hair splitting technicalities, such as ... technical definitions of "privity," is to promote form over substance. Common sense and logic demand a holding which precludes one from pursuing a claim which is totally derivative when the claim from which it is derived has been fully [and fairly] litigated, adjudicated, and denied.
Bender v. Peay, 433 N.E.2d 788, 791 (Ind. App. 1982) (emphasis added).
[4] One commentator explains that requiring joinder is "the only way to eliminate the danger of double recovery altogether." Love, Tortious Interference with the Parent-Child Relationship: Loss of an Injured Person's Society and Companionship, 51 IND.L.J. 590, 626-27 (1976). This Court, on the other hand, has held that negligence and consortium claims should be distinguished in order to prevent dual recovery. Tribble v. Gregory, 288 So.2d 13 (Miss. 1974).
[5] This Court, prior to the disposition of these cases, granted the appellant's motion to consolidate  "provided that separate opinions and mandates will issue." Upon reflection, this Court found it unnecessary to issue separate opinions.