**Leslie Statham EASTERLING,
Plaintiff**

v.

**AT & T MOBILITY, LLC, Bradlee R. Varner, Gates McDonald & Co., and John Does 1–10, Defendant.**

**Civil Action No. 3:09CV558TSL–MTP.**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 8, 2011.

James B. (Rus) Sykes, III, Sykes & Brandon, Flowood, MS, Alicia K. Haynes, Haynes & Haynes, PC, Birmingham, AL, Stephen A. Brandon, Sykes & Brandon, Flowood, MS, for Plaintiff.

William T. Siler, Jr., Gregory Todd Butler, Saundra Brown Strong, Phelps Dunbar, LLP, Jackson, MS, Ruth H. Fife, AT & T Southeast Legal Department, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court pursuant to Federal Rule of Civil Procedure 56 on the motion of defendants AT & T Mobility LLC, Gates McDonald & Co. and Bradlee R. Varner for summary judgment, and the motion of plaintiff Leslie Statham Easterling for partial summary judgment. The motions have been fully briefed and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes both motions should be denied.

Plaintiff Leslie Statham Easterling had been employed by AT & T Mobility (AT & T) for approximately seven years as a retail sales associate when she was terminated on March 28, 2007 for alleged violation of AT & T's attendance policy. Easterling, who was pregnant at the time, contends in this action that the absences which were cited as the basis for her termination all related to her pregnancy and were covered by the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), and she contends that her termination was in violation of the FMLA and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (2008). In addition to her federal claims, plaintiff has asserted state law claims for wrongful termination, negligence, gross negligence and intentional infliction of emotional distress. Easterling has named as defendants AT & T; Bradlee Varner, her store manager/supervisor at AT & T; and Gates McDonald & Co., AT & T's third-party FMLA administrator.

Immediately following her termination, plaintiff first tried to persuade AT & T to reconsider its decision and reinstate her, since she maintained that all her absences and/or tardies to work related to a serious health condition, i.e., her high risk pregnancy, and were covered under the

FMLA. When her efforts in that regard proved unsuccessful, plaintiff filed a claim with the EEOC for pregnancy discrimination under Title VII, alleging she was terminated for pregnancy-related absences that were covered under the FMLA. In addition, she filed a claim with the Mississippi Employment Security Commission (MESC) for unemployment benefits. Although unemployment benefits were initially denied, plaintiff appealed that decision and succeeded in securing benefits in a July 18, 2007 ruling issued by the MESC Administrative Law Judge. AT & T did not appeal that ruling. Subsequently, on August 26, 2008, the EEOC issued its determination, finding that plaintiff had been subjected to pregnancy discrimination, and after efforts at conciliation were unsuccessful, the EEOC issued its notice of right to sue on May 22, 2009. Plaintiff filed the present action on August 14, 2009.

Plaintiff has moved for partial summary judgment, arguing that defendants are collaterally estopped from relitigating factual issues that were conclusively determined by the MESC, including the specific findings that "all [plaintiff's] absences or tardies after February 9, 2007, were due to the medical condition covered under [an] approved leave qualification," that plaintiff "followed the instructions for notifying the provider for absences covered under this qualification," and that plaintiff "was not in violation of [AT & T's] attendance policy at the time of her termination from her employment," all of which led to the conclusion that AT & T had "failed to provide substantial, clear and convincing evidence proving misconduct as that term is defined by the Law." For a number of reasons, the court declines to accord the MESC's ruling preclusive effect in this cause.

■ Collateral estoppel can be used both offensively and defensively. Defensive collateral estoppel prevents a plaintiff from relitigating an issue that the plaintiff has previously litigated. Offensive collateral estoppel arises when a plaintiff seeks to estop a defendant from relitigating issues that the defendant or its privies previously litigated. In *Marcum v. Mississippi Valley Gas Co., Inc.*, a case involving the proposed offensive use of collateral estoppel, the Mississippi Supreme Court[1] wrote the following:

> Although such a use of the doctrine is permitted, "the rule is neither mandatory nor mechanically applied." *Jordan v. McKenna*, 573 So.2d 1371, 1375 (Miss.1990). Furthermore, "[M]ore fundamental, the doctrine of collateral estoppel must never be seen as anything other than an unusual exception to the general rule that all fact questions should be litigated fully in each case," and "[w]here there is room for suspicion regarding the reliability of those first fact findings, collateral estoppel should never be applied." *Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District*, 437 So.2d 388, 397 (Miss.1983).

This Court has also stated that:

> [C]ollateral estoppel must be applied cautiously on an ad hoc basis in order to preserve the critical component of due process—i.e., the requirement that every party have an opportunity to fully and fairly litigate an issue. More specifically, the facts of each case should be perused in order to determine whether the issue—of which a party seeks to collaterally relitigation—was fully and fairly tried . . . .

---

1. Since the issue here is the collateral estoppel effect of a state administrative decision, the court is to use the state's law of collateral estoppel. *See Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir.1981).

*McCoy v. Colonial Baking Co., Inc.,* 572 So.2d 850, 854 (Miss.1990).

Finally, the United States Supreme Court has decided that federal trial courts should be granted broad discretion to determine when offensive collateral estoppel should be used. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). This rule of broad discretion is also appropriate for the trial courts of Mississippi. Much has been written in our decisions about collateral estoppel, perhaps at times overmuch, but this much should be clear: in the absence of passing technical muster of the previous action involving identical parties, identical legal issues, and the same facts required to reach a judgment, it cannot be applied. And, even where it arguably meets a technical muster, "the rule is neither mandatory nor mechanically applied." *Jordan v. McKenna, supra,* 573 So.2d at 1375.

672 So.2d 730, 733 (Miss.1996).

■ Collateral estoppel is appropriate only when the identical issue was fully litigated in the prior case. The court cannot say with assurance that this is the case here. In the case at bar, this court cannot ascertain from the record what evidence was presented to the MESC Administrative Law Judge (ALJ), in what form any evidence was presented, and/or on what evidence the ALJ relied in making her findings and conclusions. There is nothing to suggest that either side had the opportunity in the context of the administrative process to fully present evidence in support of her/its position. And perhaps most pertinently, there is nothing in the record to indicate on what basis the ALJ concluded that plaintiff "followed the instructions for notifying the provider for absences covered under this qualification." With respect to this finding in particular, it is unclear to what "instructions" the ALJ

was referring. Each notice issued by Gates McDonald and sent to plaintiff advising she was qualified for intermittent leave instructed her to telephone 1–866–4leaves to report a covered absence; and yet plaintiff herself has admitted she did not always call this number when she was late for or missed work. Moreover, the evidence that has been presented to this court, including plaintiff's deposition testimony and that of Bradlee Varner, reflects a clear dispute in the facts as to what actions plaintiff took to inform AT & T that an absence and/or tardy was for a condition for which she was qualified to take FMLA leave. In the court's view, the fact that the ALJ did not acknowledge this dispute, or the existence of conflicting evidence, gives the court cause to question the reliability of her findings. *See Leckelt v. Board of Comm'rs of Hosp. Dist. No. 1.,* 714 F.Supp. 1377, 1387 n. 5 (E.D.La.1989) (observing that an "administrative and unemployment compensation decision has no preclusive effect in a subsequent proceeding involving rights allegedly created by federal law ... neither does collateral estoppel apply in the present case because the informality and purpose of unemployment compensation proceedings do not afford the parties with the full and fair opportunity to litigate").

■ The court is further persuaded that employing collateral estoppel in this case would be inappropriate in light of the differences in the issues for decision and applicable burdens of proof in the two proceedings, especially given that the parties herein vigorously dispute the facts, including the facts regarding the steps plaintiff was required to take and/or took to apprise defendants that specific tardies/absences were related to her condition for which she was qualified for FMLA leave. How that issue is resolved could easily depend on who has the burden of proof. In the MESC proceeding, the ALJ ruled that AT & T had "failed to provide

substantial, clear and convincing evidence proving misconduct as that term is defined by the Law." In this case, however, it is the plaintiff's burden to show by a preponderance of the evidence that AT & T had notice that her tardies/absences were for her FMLA-qualified condition and that she was thus terminated in violation of the FMLA. *Cf. Lanier v. Oktibbeha County Hosp.*, 1996 WL 671361 (N.D.Miss. Sept. 26, 1996) ("difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel"); *Causey v. K & B. Inc.*, 670 F.Supp. 681, 688–89 (E.D.La.1987) (state administrative agency's finding that unemployment compensation benefits were due was not entitled to preclusive effect in Title VII action because the issues before the agency were "wholly distinct from those before [the] court" so there was no identity of issues).

For these reasons, the court concludes that the MESC's ruling should not be given preclusive effect on any issue decided therein, and accordingly, it is ordered that plaintiff's motion for partial summary judgment is denied.

Turning to defendants' motion, the court has already alluded to its view that there are genuine issues of material fact with respect to plaintiff's federal claims. Therefore, the court concludes that defendants' motion for summary judgment on plaintiff's claims under the FMLA and Pregnancy Discrimination Act should be denied. However, the motion is well taken as to plaintiff's state law claims.

 In light of Mississippi's at-will employment rule, to which no exception has been identified herein, her wrongful termination claim fails. *See Paracelsus Health Care Corp. v. Willard,* 754 So.2d 437, 442–43 (Miss.1999) (setting forth employment at-will rule and exceptions). Her claim for intentional infliction of emotional distress, based on her termination, is time-barred, having been filed more than a year following her termination. *See Air Comfort Sys., Inc. v. Honeywell, Inc.,* 760 So.2d 43, 47 (Miss.Ct.App.2000) (applying one year statute of limitations to intentional infliction of emotional distress claim). Finally, plaintiff's claims for negligence, gross negligence and negligent infliction of emotional distress are barred by the Mississippi Workers' Compensation exclusivity bar. *See Berry v. Advance America,* 2007 WL 951590, *3 (S.D.Miss.2007) (holding state law claim for negligent infliction of emotional distress based on defendant's having terminated plaintiff and having allegedly provided adverse references to potential employers barred by the exclusivity provision of the Mississippi Workers' Compensation Act).

Based on the foregoing, it is ordered that plaintiff's motion for partial summary judgment is denied, and that defendants' motion for summary judgment is also denied.