**WILLIAM TSUTOMU HARA, GREGORY RUPERT HARA, VANESSA LINN HARA,** and **WILLIAM TSUTOMU HARA,** Personal Representative of the Estate of **THELMA LEN TAI YOUNG HARA,** Deceased, Plaintiffs–Appellants, v. **ISLAND IN-SURANCE COMPANY, LIMITED,** a Hawaii corporation, Defendant–Appellee

NO. 12614

(CIV. NO. 85–1043)

AUGUST 29, 1988

LUM, C.J., PADGETT, and HAYASHI, JJ., and
INTERMEDIATE COURT OF APPEALS
CHIEF JUDGE BURNS AND ASSOCIATE
JUDGE HEEN, IN PLACE OF NAKAMURA
AND WAKATSUKI, JJ., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from orders denying appellants' motion for summary judgment and granting appellee's. We affirm.

On March 16, 1979, a car driven by Thelma Len Tai Young Hara (Thelma) was involved in an accident with a flatbed truck driven by Ului Apina and owned by Sione F. Manu. Thelma died at the scene. Apina and Manu were insured by Allstate Insurance Company under a policy which met the then minimum amounts required by Hawaii's financial responsibility and no–fault laws, and provided a maximum coverage of $25,000 per person for bodily injury or death with no accident or occurrence limit.

Thelma's widower, appellant William Tsutomu Hara (William), is the personal representative of her estate. Appellants Gregory Rupert Hara and Vanessa Linn Hara are the children of Thelma and William and, at the time of the accident, all shared the same household, and were insureds under the terms of an automobile policy issued by Island Insurance Company, covering two family vehicles. Separate premiums were paid for each vehicle.

In a separate suit, appellants obtained a default judgment against Apina and Manu, jointly and severally, for $437,160 to William, individually, $180,712 to Gregory Hara, $220,874 to Vanessa Hara, and $86,278.30 to William, as personal representative of the Estate of Thelma Hara, Deceased. Allstate has tendered the $25,000 coverage under the policy issued to Apina and Manu.

Appellants brought this suit alleging that Apina and Manu were underinsured and that accordingly they were entitled to the difference between $25,000 and the amounts available to them as uninsured motorist coverage under the policy issued by appellee.

At the time of the accident in question, HRS § 431–448 provided in part:

> No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, shall be delivered, issued for delivery, or renewed in this State, with respect to any motor vehicle registered ... in this State, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287–7, ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, ... including death, resulting therefrom[.]

At the time of accident, HRS § 287–7 provided:

[E]very such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 *because of bodily injury to or death of one person in any accident* and, subject to such limit for one person, to a limit of not less than $20,000 *because of bodily injury to or death of two or more persons* in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one accident.

(Emphasis added).

At the time of accident in 1979, the Hawaii no–fault insurance law, HRS § 294–10(a)(1), required:

Liability coverage of not less than $25,000 for all damages arising out of accidental harm sustained by any one person as a result of any one accident applicable to each person sustaining accidental harm arising out of ownership, maintenance, use, loading, or unloading, of the insured vehicle[.]

In a series of cases beginning with *Palisbo v. Hawaiian Ins. & Guar. Co.*, 57 Haw. 10, 547 P.2d 1350 (1976), we have held that where more than one person is injured in an automobile accident, and because of the limits to liability coverage in the negligent party's insurance policy, one, or more, of the injured persons cannot recover the statutory minimum amount per person set out in HRS § 287–7, the negligent party is underinsured, and an injured party may recover, from his or her own insurer, the difference between the amount obtained from the negligent party's insurer and the amount available under the uninsured motorist coverage in the injured party's own policy.

In the present case, however, the individual appellants were not themselves injured in the accident. Their claim is for those elements of damage to them arising out of the death of their wife, or mother, and recoverable under HRS § 663–3. We have recently pointed out in *Bertelmann v. Tass Assoc.*, 69 Haw. ____, 735 P.2d 930 (1987), that such claims are derivative and therefore, for purposes of tort liability, stand or fall with the claim of the person actually injured. *Compare Mist v. Westin Hotels*, 69 Haw. ____, 738 P.2d 85 (1987).

In *Doi v. Hawaiian Ins. & Guar. Co.*, 6 Haw.App. 456, 727 P.2d 884 (1986), the Hawaii Intermediate Court of Appeals held that a wife's claim for consortium, being derivative, was not a claim which could prevail on the underinsured motorist theory. On the other hand, with respect to claims arising under HRS § 663–3, we recently held in *Crawford v. Crawford*, 69 Haw.___, 745 P.2d 285 (1987), that the applicable statute of limitations, in actions brought under HRS § 663–3, was not that laid down in HRS § 294–36(b)(2) but that contained in and applying to HRS § 663–3 and that accordingly the tolling provisions applicable to such statute were in force and effect.

Here the Allstate policy provided for bodily injury liability of $25,000 each person and provided:

Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:

1. bodily injury sustained by any person[.]

"Bodily injury" is defined as meaning "bodily injury, sickness or disease, and includes death resulting at any time[.]" We express no opinion on whether Allstate's policy, as worded, complies with HRS § 294–10(a)(1). It clearly does comply with the provisions of HRS § 287–7, therefore, Apina and Manu were not uninsured.

We hold that they were not underinsured with respect to the individual appellants' claims, because those claims, being not for independent injuries, but being derivative in nature, are not within the scope of the protection offered under the wording of HRS §§ 431–448 as limited by the words emphasized, *supra*, in HRS § 287–7. That section provides a limit based on bodily injury or death of one person or more than one person. Here, the accident caused only the death of one person. There are therefore no persons sustaining bodily injury or death who will not receive at least the statutory minimum. Accordingly, the judgment below is affirmed.

*Andrew S. Ono (Hideki Nakamura* of King, Nakamura & Chun–Hoon; and *Eichi Oki* with him on the briefs) for appellants.

*Archie T. Ikehara (James E. Duffy, Jr.* and *Colbert M. Matsumoto* with him on the brief; Fujiyama, Duffy & Fujiyama) for appellee.