39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL UNION FIRE INSURANCE COMPANY, a Pennsylvania
corporation, Plaintiff-counter-claim-defendant-Appellee,
v.
Lucille M. VILLANUEVA, individually and in her capacity as
Special Administratrix of the Estate of David William
Villanueva, deceased; David Villanueva; Bennett Craig
Villanueva, individually and as guardian ad litem for
Bennett Kaiponohea Kapono Villanueva, minor; David B.
Villanueva; Allison Villanueva, individually and as
guardian ad litem for Shellsea Villanueva and David B.
Villanueva, Jr., minors,
Defendant-counter-claimant-plaintiffs-Appellants.
 No. 90-16368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 21, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, CHOY and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lucille Villanueva, the special administratrix of the estate of David Villanueva, and the family of David Villanueva appeal the district court's grant of summary judgment in favor of National Union Fire Insurance. They argue the district court erred in its determination that the deceased's family members are not entitled to separate limits of liability for emotional distress and wrongful death under their uninsured motorist coverage.
 
 
 3
 The Hawaii Supreme Court has recently held that claims for emotional distress arising from injury to another person in a motor vehicle accident are "derivative" under Hawaii's No-Fault Law, former HRS chapter 294, unless the claimant experienced the kind of "direct emotional trauma" that a witness or bystander would suffer. First Insurance Company of Hawai"'i Ltd. v. Lawrence, 77 Hawai'i 2, 881 P.2d 489, 504 (1994). The Hawaii Supreme Court has similarly held that claims for wrongful death damages are derivative for purposes of tort liability. Hara v. Island Insurance Co., Ltd., 70 Haw. 42, 759 P.2d 1374 (1988).
 
 
 4
 Because the Villanuevas' emotional distress and wrongful death claims are derivative of David Villanueva's death, their claims are not subject to separate 'each person' liability coverage limits." First Insurance, 881 P.2d at 491.
 
 
 5
 AFFIRMED.