**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000809
09-DEC-2021
08:15 AM
Dkt. 53 SO**

NO. CAAP-18-0000809

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARIO K. KWON, also known as Mario Kai Kwon,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DCW-17-0001212)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

        Defendant-Appellant Mario K. Kwon, also known as Mario Kai Kwon (**Kwon**), appeals from the Notice of Entry of Judgment/Order (**Judgment**), entered on October 2, 2018, in the District Court of the First Circuit, Wahiawā Division (**District Court**).[1/]  Following a bench trial, Kwon was convicted of harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a) (2014).[2/]

        On appeal, Kwon contends that:  (1) the District Court erred in not applying the proof-beyond-a-reasonable doubt

---

[1/]    The Honorable Darolyn Lendio presided.

[2/]    HRS § 711-1106(1)(a) provides:

            (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

                (a)    Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

standard and instead considering the evidence "in the strongest light for the prosecution"; and (2) there was insufficient evidence to support the harassment conviction, *i.e.*, that Kwon (a) touched the complaining witness (**CW**) in an offensive manner or subjected her to offensive contact, or (b) acted with the intent to harass, annoy, or alarm CW.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Kwon's contentions as follows and vacate the Judgment.

(1)  Due process requires the State to prove each element of the offense beyond a reasonable doubt.  See State v. Austin, 143 Hawaiʻi 18, 40, 422 P.3d 18, 40 (2018) (quoting State v. Cuevas, 53 Haw. 110, 113, 488 P.2d 322, 324 (1971); State v. Hauge, 103 Hawaiʻi 38, 55-56, 79 P.3d 131, 148-49 (2003)).  Here, rather than applying the proof-beyond-a-reasonable doubt standard in finding Kwon guilty of harassment, the District Court made the following statement at the conclusion of Kwon's trial:  "I believe the evidence is to be considered in the strongest light for the prosecution under State v[.] Matavale, 115 Haw[aiʻi] 149, [166 P.3d 322 (]2007[)], and I'm going to find you guilty of harassment."  The District Court's application of this standard was error.[3/]

Although Kwon failed to raise this issue in the District Court, we may notice a trial court's plain error affecting substantial rights.  See State v. Miller, 122 Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010) (quoting State v. Sanchez, 82 Hawaiʻi 517, 524-25, 923 P.2d 934, 941-42 (App. 1996)); see also State v. Sawyer, 88 Hawaiʻi 325, 330, 966 P.2d 637, 642 (1998) (the appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." (citing State v. Fox, 70 Haw. 45, 56, 760 P.2d 670, 676

---

[3/]     Matavale states the applicable standard of review "when the appellate court passes on the legal sufficiency of [the] evidence to support a conviction[.]"  115 Hawaiʻi at 157, 166 P.3d at 330.

(1988))); Hawaiʻi Rules of Penal Procedure Rule 52(b). Here, the District Court's error affected Kwon's right to have each element of the offense proven beyond a reasonable doubt – a right protected by statute, see HRS § 701-114 (2014), and by the due process clauses of the state and federal constitutions, see U.S. Const. amend. XIV; Haw. Const. art. I, § 5. See State v. Murray, 116 Hawaiʻi 3, 10, 169 P.3d 955, 962 (2007) (citing State v. Maelega, 80 Hawaiʻi 172, 178, 907 P.2d 758, 764 (1995)). Accordingly, we conclude that the District Court's error affected substantial rights and Kwon's conviction must, at a minimum, be set aside.

(2) Kwon also contends that there was insufficient evidence to support the harassment conviction.

Under HRS § 711-1106(1)(a), a person with the requisite "intent to harass, annoy, or alarm any other person" commits the offense of harassment if that person (1) "[s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner[,]" or (2) "subjects the other person to offensive physical contact." "'[O]ffensive physical contact' encompasses . . . offensive contact that, while separate and apart from the various forms of actual bodily touching, nevertheless involves contact with an item physically appurtenant to the body." State v. Pesentheiner, 95 Hawaiʻi 290, 295, 22 P.3d 86, 91 (App. 2001) (holding that the defendant's act of knocking a police officer's hat off his head was "offensive physical contact" under HRS § 711-1106(1)(a)).

Here, the April 6, 2017 Complaint alleged in relevant part that Kwon, "with intent to harass, annoy, or alarm [CW], did strike, shove, or otherwise touch [CW] in an offensive manner, thereby committing the offense of Harassment, in violation of [HRS §] 711-1106(1)(a)[.]" The Complaint did not allege that Kwon subjected CW to "offensive physical contact." Cf. State v. Codiamat, 131 Hawaiʻi 220, 223, 317 P.3d 664, 667 (2013) (holding that a complaint for harassment that disjunctively charged the defendant with touching the complainant in an offensive manner "or" subjecting the complainant to offensive physical contact was sufficient to meet due process requirements). At trial, the

State prosecuted Kwon on the charge that he touched CW in an offensive manner with the requisite intent. Thus, the issue before us is whether there is substantial evidence to support the harassment conviction based on the charge that Kwon touched CW in an offensive manner with the requisite intent. See State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)).

At trial, CW testified to the following: She and Kwon had an "altercation" in their shared residence on March 9, 2017. They had ended their relationship a month earlier but were still living together. CW had printed an application for housing, Kwon asked what it was, CW told him "it was just personal documents," and Kwon then "snatched" the application out of her hands and walked out the door. CW followed Kwon, but he held the application over his head so she could not reach it; after Kwon lowered his arms, CW took back the application, went to the bedroom, placed the application on the bed, and sat on it. Kwon "came to [CW's] face while [she] was on the bed, pushed [her] to the side to grab the application again, and he ripped it in front of [her]." Kwon then took CW's cell phone, which was "right next to [her]" on the bed, tried to break the phone in his hands, and then threw it to the ground and stepped on it. CW tried to get her phone back; she followed Kwon to the bathroom area, where he struck her in the chest with his palm hard enough that she went to the ground. "[T]he phone was in both of [their] hands," but Kwon was able to take it from CW, and put the phone in the toilet. CW retrieved the phone and put it in rice, and Kwon left.

Kwon, on the other hand, testified to the following: On March 9, 2017, CW had printed about 30-50 pages of paper; Kwon was frustrated, so he grabbed the papers and told CW she would have to refill the printing supplies she had been using. CW said that she did not have to get supplies, it was her printer, and she was going to take it with her. Instead of

4

saying anything else, Kwon just ripped the papers; then CW slapped him in the face. Kwon then grabbed CW's phone, she struggled to get it back, and Kwon threw it in the toilet. From there, CW threw herself on the ground and began hitting herself in the face and chest, screaming "stop hitting me." Kwon stared at CW in disbelief for about 20 seconds and then got ready for work. Kwon did not push, shove or strike CW. When asked whether he touched CW at any point during the argument, Kwon testified: "Just her hand[,] . . . . [b]ecause we were, I guess, struggling for the phone." Kwon further testified that he bought the printer for both of them to use, and he ripped up what CW had printed only because she refused to buy printing supplies. He took CW's phone and threw it in the toilet because she slapped him in the face and "if anything, she could get another one; insurance would cover it."

Following testimony[4/] and closing arguments, the District Court made the following findings and ruling:

> There is a vast divide between credibility between yourself [Kwon] and [CW], and I acknowledge that. There seems to be one version under her and another version under you. However, as I indicated to . . . counsel, there seems to be some commonality. There was some consistency between her testimony and your testimony with regards to the paper taking and with regards to the ripping. Now, when it occurred, you have both different stories. And with regards to taking of the phone and putting it in the toilet, I think those were all common things that both she and you testified to.
>
> So in reading the . . . statute, I don't know if the legislature actually contemplated taking somebody's cell phone to be considered harassment, but I am going to interpret this as a cell phone being taken to be harassment . . . and I am going to find that you did have the intent to harass, annoy, or alarm by taking [CW]'s phone and throwing it into the toilet.
>
> So I am going to be finding you guilty. I believe the evidence is to be considered in the strongest light for the prosecution under <u>State v[.] Matavale</u>, . . ., and I'm going to find you guilty of harassment.

Thus, in convicting Kwon of harassment, the District Court relied on CW and Kwon's consistent testimony that Kwon took CW's phone and threw it in the toilet. Kwon was charged,

---

4/ Those testifying at trial included CW, the police officer who responded to her March 9, 2017 call, three character witnesses for Kwon, and Kwon.

however, with having "str[uck], shove[d], or otherwise touch[ed] [CW] in an offensive manner[.]"  In <u>Pesentheiner</u>, this court construed the phrase "[s]trikes, shoves, kicks, or otherwise touches another person" to mean "actual bodily contact, whether directly or indirectly through the clothing or other material intended to cover the body."  95 Hawai'i at 294, 22 P.3d at 90. In contrast, we construed "offensive physical contact" as encompassing offensive contact that is "separate and apart from the various forms of actual bodily touching," but which "nevertheless involves contact with an item physically appurtenant to the body."  <u>Id.</u> at 295, 22 P.3d at 91; <u>see</u> <u>State v. Mokiau</u>, No. CAAP-11-0000141, 2012 WL 603971, at *2 (Haw. App. Feb. 24, 2012) (SDO) ("Because 'offensive physical contact' has an independent and separate meaning from 'touches another person in an offensive manner,' the terms are not synonymous and the former is not inclusive of the latter." (footnote omitted)). Here, the District Court did not explicitly find that Kwon actually touched CW in an offensive manner and did not otherwise expressly rely on evidence of such conduct.

However, in these circumstances, we review the sufficiency of the evidence in light of all the evidence adduced at trial.  <u>See</u> <u>State v. Fitzwater</u>, 122 Hawai'i 354, 378, 227 P.3d 520, 544 (2010).  Here, Kwon testified that he touched CW's hand in the struggle over her cell phone, and CW testified that Kwon struck her in the chest when CW tried to get her phone back.[5] Viewing the evidence in the strongest light for the prosecution, <u>see</u> <u>Matavale</u>, 115 Hawai'i at 157, 166 P.3d at 330, we conclude there was substantial evidence that Kwon struck, shoved, or otherwise touched CW in an offensive manner.

We further conclude there was substantial evidence that Kwon acted with intent to harass, annoy, or alarm CW.  Because proving the requisite state of mind by direct evidence in a criminal case is difficult, "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the

---

[5]    We also note that, although the District Court recognized "a vast divide between [Kwon and CW's] credibility," the court did <u>not</u> find that CW's testimony was not credible.

defendant's conduct is sufficient." State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Mitsuda, 86 Hawaiʻi 37, 44, 947 P.2d 349, 356 (1997)) (brackets omitted). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id. (quoting Mitsuda, 86 Hawaiʻi at 44, 947 P.2d at 356). Here, Kwon testified that he grabbed CW's phone, she struggled to get it back, and Kwon threw it in the toilet. Kwon also admitted that he grabbed CW's phone out of frustration and to get back at her for slapping him. Viewing the evidence in the light most favorable to the State, substantial evidence supports the reasonable inference that Kwon acted with intent to harass, annoy, or alarm CW when he touched her in an offensive manner during the struggle over her phone. Accordingly, the evidence was sufficient to support Kwon's conviction for harassment.

For the reasons discussed above, we vacate the Notice of Entry of Judgment/Order, entered on October 2, 2018, in the District Court of the First Circuit, Wahiawā Division. The case is remanded to the District Court for a new trial.

DATED: Honolulu, Hawaiʻi, December 9, 2021.

On the briefs:

Min Tsui,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge